AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| APL Microscopic, LLC )<br>*Plaintiff* )<br>v. )<br>Greene Technologies, LLC )<br>*Defendant* ) | Civil Action No. 1:19-cv-01044-RP |

**CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT**

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*   07/22/2020   .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: 8/29/2024

CLERK OF COURT  Philip J. Devlin

_____
*Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| APL MICROSCOPIC, LLC, | § | |
| Plaintiff, | § § § | |
| v. | § § | 1:19-CV-1044-RP |
| GREENE TECHNOLOGIES, LLC, | § § § | |
| Defendant. | § | |

### FINAL JUDGMENT

On July 22, 2020, the Court adopted United States Magistrate Judge Susan Hightower's report and recommendation, (Dkt. 18), concerning Plaintiff APL Microscopic, LLC's ("APL") motion for default judgment, (Dkt. 15), overruling APL's objections, (Dkt. 19). The Court granted in part and denied in part APL's motion. It denied the motion as to APL's request for statutory damages for willful infringement, a permanent injunction, and the nonrecoverable costs Judge Hightower identified, (*see* R. & R., Dkt. 18, at 12–13), and granted it in all other respects. As nothing remains to resolve, the Court now enters final judgment under Federal Rule of Civil Procedure 58.

1. APL is awarded default judgment against Defendant Greene Technologies, Inc.

2. APL is awarded **$30,000** in actual damages, **$8,786** in attorney's fees, and **$465** in costs.

3. APL is awarded prejudgment interest and postjudgment interest, both calculated pursuant to 28 U.S.C. § 1961.[1]

---

[1] APL requests prejudgment interest "on the total sum at the annual percentage rate calculated pursuant to 28 U.S.C. § 1961 from January 17, 2019 through the date of this judgment."(Prop. Order, Mot. Default J., Dkt. 15-6, at 1). The January 17, 2019, date refers to when "APL recorded the unauthorized use of the Work by [Greene] in a screen shot." (Mot. Default J., Dkt. 15, at 4). Though the Fifth Circuit has not definitively concluded that prejudgment interest is permissible for violations of the Copyright Act, and the circuits are split on the issue, district courts within the Fifth Circuit often exercise their discretion to award prejudgment interest when the plaintiff proves actual damages, as is the case here. *Powell v. Penhollow*, 260 F. App'x 683, 691

1

A true copy of the original, I certify.
Clerk, U.S. District Court
By: _____
Deputy Clerk

4. The Court orders execution to issue for this judgment.

5. All relief not expressly granted in this judgment is **DENIED**.

**SIGNED** on July 22, 2020.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　ROBERT PITMAN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

(5th Cir. 2007); see *Granville v. Suckafree Records, Inc.*, No. CIV.A. H-03-3002, 2006 WL 2520909, at *6 (S.D. Tex. June 28, 2006) (collecting cases); *Kingvision Pay-Per-View, Ltd. v. Valles*, No. EP-00-CA-179-DB, 2001 WL 682205, at *3 (W.D. Tex. Mar. 30, 2001) (awarding prejudgment interest after a showing of actual damages).

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| APL MICROSCOPIC, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:19-CV-1044-RP |
| | § | |
| GREENE TECHNOLOGIES, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Susan Hightower concerning Plaintiff APL Microscopic, LLC's ("APL") motion for default judgment, (Dkt. 15). (R. & R., Dkt. 18). Judge Hightower recommends that the Court grant the motion in part and deny it in part. (*Id.* at 13). Specifically, she recommends that the Court enter judgment in favor of APL against Defendant Greene Technologies, LLC ("Greene"); award APL most of the actual damages, fees, and costs which it claims; and deny APL's requests for statutory damages for willful infringement and for entry of a permanent injunction. (*Id.*). While Greene did not timely file objections to the report and recommendation, APL did, challenging the willful infringement and permanent injunction portions of the report and recommendation. (Objs., Dkt. 19).

Initially, the Court determines whether to accept APL's supplemental evidence, which APL argues supports its objections. APL asks the Court to consider a supplemental declaration from Andrew Leonard ("Leonard"), the creator of the copyrighted image at issue, in which Leonard explains that Greene continued to display the image in a YouTube video even after removing it from Greene's website. (Objs., Dkt. 19, at 2–3; *see* Leonard Supp. Decl., Dkt. 19-1, at 2–4). Having reviewed the declaration and applicable Fifth Circuit law, the Court declines to consider it.

1

Both statute and procedural rule permit, but do not require, the Court to receive additional evidence after a report and recommendation is issued. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "In the course of performing its open-ended review, the district court need not reject newly-proffered evidence simply because it was not presented to the magistrate judge. Litigants may not, however, use the magistrate judge as a mere sounding-board for the sufficiency of the evidence." *Freeman v. Cty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998). The Fifth Circuit has instructed district courts to keep in mind certain considerations applicable to additional evidence in the context of Rule 59(e) motions to alter or amend a judgment when determining whether to accept additional evidence on de novo review of a report and recommendation. *Id.* at 852–52. "[T]he court should consider, among other things, the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available to the non-movant before she responded to the [motion preceding judgment], and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir. 1990)). The Fifth Circuit has also identified the degree to which "the substance of the testimony offered on objection to the magistrate judge's report . . . changed from that of the testimony initially offered" as an important factor. *Davis v. Fernandez*, 798 F.3d 290, 294 (5th Cir. 2015).

Here, factors weighing in favor of considering the supplemental declaration include that because Greene has not responded prior to APL's motion for default judgment, after Judge Hightower issued her report and recommendations, or after APL filed its objections, it is unlikely that Greene would suffer any meaningful prejudice from the Court's acceptance of the supplemental declaration. In the default judgment context, when Greene has not responded, it is less important to consider the availability of the declaration's contents to Greene.

Factors weighing against considering the supplemental declaration include that APL does not assert that any of the supplemental declaration's contents were unknown prior to its motion for default judgment.[1] Moreover, APL itself argues that the supplemental declaration's contents are not especially important to its case. (*See* Objs., Dkt. 19, at 3 ("The allegations in the Complaint were more than sufficient, upon their admission in default, to conclusively establish willful infringement by Greene. Therefore, the new evidence presented in this supplemental declaration simply provides additional support and amplification. . . .")). And the contents of the supplemental declaration differ notably from APL's previous evidence in that it provides some amount of support for allegations that were previously only conclusory.

The Court concludes that accepting APL's supplemental declaration would amount to permitting it to use the report and recommendation process as a sounding board for the sufficiency of its evidence supporting statutory damages and a permanent injunction. APL filed its complaint in this case on October 25, 2019. (Dkt. 1). It moved for default judgment against Greene on January 8, 2020. (Dkt. 15). Judge Hightower issued her report and recommendation on APL's motion on May 27, 2020. (Dkt. 18). Leonard's supplemental declaration, which is dated June 9, 2020, includes a screenshot taken on June 4, 2020, of a video containing allegedly continuing infringement dated December 24, 2014. This order of events strongly indicates an attempt to supplement the evidence only in response to the report and recommendation. APL had ample time to plead and present evidence supporting statutory damages and a permanent injunction prior to this late stage. Therefore, the Court will not consider Leonard's supplemental declaration.

Next, the Court considers APL's objection to the recommendations to deny APL's request for statutory damages for willful infringement and a permanent injunction. (R. & R., Dkt. 18, at 8–

---

[1] Indeed, the screenshot of allegedly continuing infringement that the declaration provides indicates the video was posted in 2014. (Leonard Supp. Decl, Dkt. 19-1, at 3).

12; Objs., Dkt. 19, at 3–6). Judge Hightower noted that APL "provided no evidence that [Greene] willfully infringed its copyright," concluding that the fact of the default judgment was insufficient, by itself, to justify additional damages: "[t]he evidence is insufficient to find that [Greene] knew its actions constituted infringement, or that it acted with reckless disregard for or willful blindness to [APL's] rights." (R. & R., Dkt. 18, at 11–12). The Court concurs.

Default judgment is proper only if the well-pleaded factual allegations in in the complaint establish a valid cause of action. *Nishimatsu Constr. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* However, the defendant is "not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*; *see also* 10A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688.1 (4th ed. Apr. 2020 update) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."); *see generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Here, contrary to APL's objections, the Court agrees with Judge Hightower that APL did not plead facts sufficient to support statutory damages or a permanent injunction in its complaint. APL merely states that "Greene's acts were willful," a legal conclusion not admitted on default. (Compl., Dkt. 1, at 6). And APL has "made no effort" to establish a substantial likelihood of future infringement, that it has been irreparably injured (besides a conclusory statement in its complaint), that the balance of hardships tips in its favor, or that the public interest would not be disserved by a permanent injunction. (R. & R., Dkt. 18, at 9 (citing *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391–93 (2006)); Compl., Dkt. 1, at 6). Thus, the Court holds that Judge Hightower did not err in

4

concluding, from the complaint, that APL was not entitled to statutory damages or a permanent injunction.

Accordingly, **IT IS ORDERED** that Judge Hightower's report and recommendation, (Dkt. 18), is **ADOPTED**. APL's objections, (Dkt. 19), are **OVERRULED**.

**IT IS FURTHER ORDERED** that APL's motion for default judgment, (Dkt. 15), is **GRANTED IN PART AND DENIED IN PART**. It is **DENIED** as to APL's request for statutory damages for willful infringement, a permanent injunction, and the nonrecoverable costs Judge Hightower identified. (*See* R. & R., Dkt. 18, at 12–13). It is **GRANTED** in all other respects. The Court will enter final judgment in a separate order.

**SIGNED** on July 22, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

5